ALONZO E. WRIGHT, respondent,

*v.*

STONE HARBOR IMPROVEMENT COMPANY et al., appellants.

[Submitted July 10th, 1905.   Decided February 2d, 1906.]

The amount due on foreclosure of a mortgage was ascertained from the admission of a former owner of the equity of redemption contained in a declaration of no set-off. The proofs did not sustain an alleged tender.

----

On appeal from a decree of the court of chancery advised by Vice-Chancellor Grey, who rendered the following opinion:

The testimony submitted on the part of the complainant indicates that the mortgage, which is sought to be foreclosed, in this case was a purchase-money mortgage; that it still remains a subsisting mortgage, and that it passed by a number of assignments from one holder to another until it came into the hands

of the present holder. There is a declaration of no set-off from one of the previous owners of the equity of redemption which states the amount which at the time of that declaration was due on the mortgage. The complainant accepts that admission of the party who then held the equity of redemption as an ascertaining of the amount due, and claims that admitted amount as the principal sum due, with interest from that date.

There is no proof on the part of the defendant that he has paid anything. There is some testimony on the part of the defendant that a tender was made, but the testimony on the point failed to prove that the amount tendered was the full amount due, and also to show the other requisites of a competent tender. It has not been shown that the amount due was reduced by payments, or that it was voluntarily dismissed or remitted by the holder of the mortgage. The defendant starts out with a showing that the alleged tender was made. When the witness, who undertook to prove the tender, was asked whether it was a tender of the amount due on the mortgage, he said it was not, but that it was an amount which was due on an agreement between Mr. Walter Brooks and Mr. Alonzo Wright, which agreement, he said, was in writing, and this writing was not produced. Whether that agreement had any relation to this mortgage, whether it was made between parties who had a right to bind the mortgagor and mortgagee, does not appear.

I see no reason why the complainant should not have a decree in accordance with the proofs, and I will advise such a decree.

The complainant's proofs fix the amount. I will advise a decree for that sum.

*Mr. Edward Ambler Armstrong,* for the appellants.

*Mr. J. Willard Morgan, Mr. Charles V. D. Joline* and *Messrs. French & Richards,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion filed in the court of chancery by Vice-Chancellor Grey.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.